Jay J. Schuttert, Esq. (SBN 8656)
David W. Gutke, Esq. (SBN 9820)
Brennen D Marshall, Esq. (SBN 16578)
**EVANS FEARS SCHUTTERT MCNULTY MICKUS**
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119
Telephone: (702) 805-0290
Facsimile: (702) 805-0291
jschuttert@efsmmlaw.com
dgutke@efsmmlaw.com
bmarshall@efsmmlaw.com

*Attorneys for Defendant Janna Kanis*

### UNITED STATES DISTRICT COURT

### FOR THE STATE OF NEVADA

| | |
|---|---|
| JORGE POLANCO, individually,<br><br>Plaintiff,<br><br>v.<br><br>JANNA KANIS, individually; DOES 1 through 10, inclusive; and ROE ENTITIES 11 through 20, inclusive,<br><br>Defendants. | Case No. 2:24−cv−02184−APG−NJK<br><br>**JOINT STIPULATION AND ORDER TO EXTEND CERTAIN DEADLINES IN DISCOVERY SCHEDULING ORDER**<br><br>**(FIRST REQUEST)** |

IT IS STIPULATED AND AGREED, by and between Plaintiff Jorge Polanco, through his attorney of record, Joshua L. Benson of Benson Allred Injury Law, and Defendant Janna Kanis, through her attorney of record, David W. Gutke of Evans Fears Schuttert McNulty Mickus, and pursuant to LR IA 6-1 and LR 26-4, that certain deadlines in the Discovery Scheduling Order [ECF No. 15] be continued by sixty (60) days as detailed herein. This is the Parties' first request to extend any deadlines in the Discovery Scheduling Order.

**I.     DISCOVERY COMPLETED TO DATE**

1. Plaintiff served his initial disclosures on January 6, 2025;

2. Defendant served her initial disclosures on January 6, 2025;

3. Plaintiff served his first supplement to initial disclosures on January 15, 2025;

4. Plaintiff executed medical record releases provided by Defendant on January 21, 2025;

5. Defendant sent out subpoenas duces tecum to twenty-three (23) known medical providers of Plaintiff for expedited service on January 23, 2025. To date, Defendant has received records back from 10 of the 23 providers subpoenaed;

6. Plaintiff served his second supplement to initial disclosures on February 7, 2025;

7. Plaintiff responded to Defendant's first set of interrogatories on February 7, 2025;

8. Plaintiff responded to Defendant's first set of requests for production on February 7, 2025; and

9. Defendant served her first supplement to initial disclosures on February 14, 2025.

## II. DISCOVERY TO BE COMPLETED

1. Additional subpoenas for records as necessary;

2. Discovery regarding prior automobile accident;

3. Supplemental productions of documents by all parties;

4. Follow-up on written discovery requests and responses;

5. Depositions of parties and non-parties, including coordination of foreign country deposition of Defendant;

6. Disclosure of initial and rebuttal expert witnesses;

7. Depositions of experts as necessary; and

8. Depositions of treating physicians as necessary.

## III. REASONS WHY DISCOVERY CANNOT BE COMPLETED AND GOOD CAUSE FOR A DISCOVERY EXTENSION

Good cause exists to extend discovery deadlines if they "cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). As detailed above, the parties have been working diligently to complete discovery in this case, including immediately gathering medical records and propounding written discovery. Notably, however, only 10 of the 23 providers subpoenaed have provided records to date. Further, the parties' schedules and delay in gathering medical records have delayed Plaintiff's

deposition from being conducted yet. Despite the parties' best efforts, additional time is necessary to compile the necessary medical and initial discovery to provide to medical expert(s) in advance of the upcoming initial expert disclosure deadline. As such, Plaintiff and Defendant agree to a proposed extension of the upcoming discovery plan deadlines by 60 days. The parties additionally agree to extend the pretrial order deadline by 60 days to accommodate the proposed new case management deadlines. Counsel for the parties have been diligently working together to prepare this stipulation and obtain an extension of these case management deadlines. Accordingly, no party is prejudiced by the additional time necessary to conduct the remaining discovery. The foregoing circumstances constitute good cause to extend the current case management deadlines, and the parties jointly and in good faith request that this Court enter an Order extending the scheduling deadlines in accordance with their stipulation. There is no trial date set in this case.

## IV. PROPOSED REVISED DISCOVERY PLAN

The parties hereby stipulate to and propose the following amendments to the current scheduling deadlines:

|  | Current Deadline | Proposed Deadline |
|---|---|---|
| Final date to amend pleadings or add parties: | February 19, 2025 | N/A |
| Initial expert disclosures: | March 21, 2025 | May 20, 2025 |
| Rebuttal expert disclosures: | April 21, 2025 | June 20, 2025 |
| Discovery cut off: | May 20, 2025 | July 21, 2025 |
| Dispositive motions: | June 20, 2025 | August 19 2025 |
| Pre-Trial Order: | July 21, 2025 | September 19, 2025 |

No trial date has been set.

///
///
///
///
///

*Polanco v. Kanis*
Case No. 2:24-cv-02184-APG-NJK
*Joint Stipulation and Order to Extend Certain Deadlines in Discovery Scheduling Order (First Request)*

DATED: February 19, 2025.

**EVANS FEARS SCHUTTERT
MCNULTY MICKUS**

*/s/ David W. Gutke*
Jay J. Schuttert, Esq. (SBN 8656)
David W. Gutke, Esq. (SBN 9820)
Brennen D Marshall, Esq. (SBN 16578)
6720 Via Austi Parkway, Suite 300
Las Vegas, NV 89119

*Attorneys for Defendant Janna Kanis*

*/s/ Joshua L. Benson*
Joshua L. Benson, Esq.
Nevada Bar No. 10514
**BENSON ALLRED INJURY LAW**
333 N. Rancho Dr., Ste 420
Las Vegas, Nevada 89106

*Attorneys for Plaintiff*

Dated: February 20, 2025
**IT IS SO ORDERED**

_____
UNITED STATES MAGISTRATE JUDGE

- 4 -