UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JORGE POLANCO,<br><br>    Plaintiff,<br><br>v.<br><br>JANNA KANIS, et al.,<br><br>    Defendants. | Case No. 2:24-cv-02184-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 21, 22] |

Pending before the Court are Defendant's motions to compel and to extend case management deadlines. Docket Nos. 21, 22. On September 2, 2025, the Court entered an order shortening the briefing schedule. Docket No. 23. Plaintiff filed a response in opposition to both motions. Docket No. 24. Defendant filed replies. Docket Nos. 25, 26. The motions are properly resolved without a hearing. *See* Local Rule 78-1.

**I.  Background**

Plaintiff alleges negligence and negligence per se arising from an automobile collision involving Defendant on August 5, 2022. *See generally* Compl., Docket No. 1-1. Plaintiff submits that he suffered cervical spine injuries as a result of the accident. Docket No. 24 at 2. Plaintiff was also involved in a prior motor vehicle accident in 2018, which involved cervical spine injuries. *See* Docket No. 21 at 6; *see also* Docket No. 24 at 3.

On May 2, 2025, Plaintiff testified at his deposition for this case. *See* Docket Nos. 21-1, 24-1. Plaintiff testified about an injury to his left foot that occurred approximately four years earlier. *See* Docket No. 21-1 at 3-4. Plaintiff did not remember whether this foot injury occurred before or after the subject incident in August 2022, but did recall that he received treatment for the foot injury through workers' compensation. *See* Docket No. 21-1 at 4-5. Plaintiff previously denied applying for or receiving workers' compensation benefits in his responses to Defendants' First Set of Interrogatories. *See* Docket No. 21 at 3; *see also* Docket No. 21-2 at 10. Additionally,

1

Plaintiff testified that he has health insurance coverage through United Healthcare, and that he thought the coverage was effective prior to the motor vehicle accident on June 1, 2018.  *See* Docket No. 21 at 3; *see also* Docket No. 21-1 at 7.

Following Plaintiff's deposition, counsel for the parties discussed the possibility of Plaintiff signing additional authorization forms based on his testimony.  *See* Docket No. 21 at 3.  Defendant's counsel did not immediately submit a formal request for these authorizations under Federal Rule of Civil Procedure 34.  *See id.* at 3-4.  On May 29, 2025, Defendant's counsel emailed Plaintiff's counsel authorization forms for records from Concentra and United Healthcare.  *See id.* at 4.  In the following months, Defendant's counsel and Plaintiff's counsel engaged in numerous informal discussions regarding the authorization forms at issue.  *See id.* at 4-5.

On August 19, 2025, Defendant propounded a second set of requests for production enclosing the authorization forms at issue.  *See id.* at 5.  Defendant submits that counsel met and conferred by phone on August 19, 2025, and August 28, 2025, regarding the authorization forms, as well as a possible extension of the discovery deadline to accommodate Defendant's request for production.  *See id.*  Plaintiff's counsel declined to agree to extend the discovery deadline or to have Plaintiff sign the requested authorization forms.  *See id.*

In the instant motions, Defendant moves the Court to compel Plaintiff to sign and return authorization forms for the release of information and records from Concentra and United Healthcare, and to extend case management deadlines by sixty days.  Docket Nos. 21, 22.

## II.     Motion to Compel

Federal Rule of Civil Procedure 37(a) outlines the standards for compelling a disclosure or discovery response.  Rule 37(a)(3)(B) provides that a party may move for an order compelling a discovery response if:

> (i) a deponent fails to answer a question asked under Rule 30 or 31;
> (ii) a corporation or other entity fails to make a designation under Rule 30(b)(6) or 31(a)(4);
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
> (iv) a party fails to produce documents or fails to respond that inspection will be permitted—or fails to permit inspection—as requested under Rule 34.

2

"[I]mplicit in [this] rule is the requirement that an appropriate discovery request first be properly propounded to the opposing party." *Smith v. Avalos*, No. 20CV1534-JAH(LR), 2024 WL 536338, at *3 (S.D. Cal. Feb. 9, 2024) (citing Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv)).

Additionally, the party seeking to avoid discovery bears the burden of showing why it should not be permitted. *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975). Arguments against discovery must be supported by "specific examples and articulated reasoning." *U.S. E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006). "[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998).

The instant motion to compel pertains to Defendant's informal request to obtain the medical authorizations at issue. Both parties agree that Plaintiff's responses to the second set of requests for production were not due at the time the motion to compel was filed. *See* Docket Nos. 24 at 2 n.1, 25 at 2 n.1. Therefore, as Plaintiff contends, that formal discovery request cannot serve as the basis for compelling production at this time. *See* Docket No. 24 at 2 n.1. Given that Defendant's informal request does not fall under the standards set forth in Rule 37(a)(3)(B), the Court presently has no basis for compelling Plaintiff's response.

**III.   Motion to Extend Case Management Deadlines**

A request to extend unexpired deadlines in the scheduling order must be premised on a showing of good cause. Fed. R. Civ. P. 16(b)(4); Local Rule 26-3. The good cause analysis turns on whether the subject deadlines cannot reasonably be met despite the exercise of diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The diligence obligation is ongoing." *Morgal v. Maricopa Cnty. Bd. of Supervisors*, 284 F.R.D. 452, 460 (D. Ariz. 2012). The showing of diligence is measured by the conduct displayed throughout the entire period of time already allowed. *See Muniz v. United Parcel Serv., Inc.*, 731 F.Supp.2d 961, 967 (N.D. Cal. 2010) (quoting *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999)). When diligence has not been shown in support of an extension request, "the inquiry should end." *Johnson*, 975 F.2d at 609.

In the instant motion, Defendant submits that she has been diligent in pursuing the medical authorizations at issue since the conclusion of Plaintiff's deposition in May 2025. *See* Docket Nos. 22 at 3-4, 25 at 2-3. After the conclusion of Plaintiff's deposition on May 2, 2025, Defendant's counsel discussed with Plaintiff's counsel regarding the need for Plaintiff to sign additional authorization forms. *See* Docket No. 24 at 4. On May 29, 2025, Defendant's counsel sent Plaintiff's counsel an email including the authorizations at issue. *See id.* In June 2025, Defendant's counsel followed-up with Plaintiff's counsel about the authorization forms. *See id.* On July 25, 2025, Defendant's counsel re-sent the authorizations and provided Plaintiff's counsel with information and citations to support the relevancy of the requests. *See id.* On July 30, 2025, Defendant's counsel sent a follow-up email to Plaintiff's counsel. *See id.* On August 13, August 19, and August 28, 2025, counsel for the parties engaged in further discussions regarding the authorizations at issue and a possible extension of the discovery deadline to accommodate Defendant's request. *See id.* The discussions between the parties appear to have occurred against the backdrop of "a good working relationship" in which Plaintiff's counsel had agreed to execute numerous medical record authorizations outside of formal requests under Rule 34. *Id.* at 3-4. While Plaintiff is within his right to expect a formal request for production under Rule 34, Defendant has demonstrated diligence in seeking the authorizations at issue, especially when "the court allows and encourages parties to engage in informal discovery." *Gibson v. Credit Suisse AG*, No. 1:10-CV-00001-JLQ, 2016 WL 11546364, at *3 (D. Idaho Jan. 8, 2016). Therefore, Defendant has demonstrated sufficient diligence in support of the extension request.

**IV. Conclusion**

For the reasons discussed above, the Court **DENIES** without prejudice Defendant's motion to compel. Docket No. 21. The Court **GRANTS** Defendant's motion for an extension of the current case management deadlines. Docket No. 22. Case management deadlines are **RESET** as follows:

- Discovery cutoff: November 18, 2025
- Dispositive motions: December 19, 2025

4

- Joint proposed pretrial order: January 20, 2026, or 30 days after resolution of dispositive motions

IT IS SO ORDERED.

Dated: September 17, 2025.

_____
Nancy J. Koppe
United States Magistrate Judge